IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3252-FL

| | | |
|---|---|---|
| MARION L. SHERROD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE T. SOLOMON, FELIX TAYLOR, COLBERT L. RESPASS, NURSE PATTERSON, SEAN DILLARD, CAPTAIN OLIVER, MARCEL SLEDGE, HIRAM BEASLEY, and RAHIM AKBAR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter now is before the court on plaintiff's motions for summary judgment (DE 74), motion to amend his complaint (DE 82), motion to supplement his motion for summary judgment (DE 83), motion for judgment as a matter of law (DE 90), motion for an extension of time (DE 91, 97), motion to appoint counsel (DE 93), and motion for relief from judgment (DE 96). Also before the court is defendants' motion for summary judgment (DE 84) pursuant to Federal Rule of Civil Procedure 56(a). Defendants responded to plaintiff's motion for summary judgment and first motion for an extension of time, but did not respond to plaintiff's remaining motions. Plaintiff did not respond to defendants' motion for summary judgment. In this posture, the issues raised are ripe for adjudication.

A.     Motion to Amend the Complaint

On February 21, 2017, plaintiff sought leave to amend his complaint to include additional facts. Plaintiff filed his motion to amend subsequent to the November 23, 2016, deadline for filing amended pleadings set forth in the court's September 15, 2016, case management order. Plaintiff requires leave of court to amend is complaint. See Fed. R. Civ. P. 15(a). Under the Federal Rules of Civil Procedure, a party who requests leave to amend after the date specified in the case management order must satisfy two prerequisites. The party must demonstrate first that there is some "good cause" why the court should not adhere to the dates specified in the scheduling order. Fed. R. Civ. P. 16(b); see Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987). If the party shows "good cause" to the court's satisfaction, the party then must demonstrate that leave to amend is proper under Rule 15(b). Id.

To demonstrate "good cause" the amending party must show why the deadline in the scheduling order could not "reasonably be met despite the diligence of the party seeking the extension." Forstmann, 114 F.R.D. at 85 (internal quotations omitted). "Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a)." Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997) (citations omitted), aff'd, 129 F.3d 116 (1997). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Consistent with the diligence requirement, carelessness, inadvertence, mistake or neglect do not constitute good cause for amending the pleading after the date specified in the scheduling order. Dilmar Oil Co., Inc., 986

F. Supp. at 980 (citing Johnson, 975 F.2d at 609); Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 447 (W.D.N.Y. 1997).

In this case, plaintiff failed to demonstrate good cause for modifying the scheduling order to allow a motion to amend the complaint at this late date. See Health South Rehab. Hosp. v. Am. Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996) (holding that undue delay accompanied by futility or prejudice to the non-movant is sufficient reason for denying leave to amend under Rule 15(a)). Accordingly, plaintiff's motion to amend is DENIED.

B. Plaintiff's Motion to Supplement his Motion for Summary Judgment

Plaintiff seeks leave to supplement his motion for summary judgment in order to provide a "more complete record of medical evidence." For good cause shown, plaintiff's motion is GRANTED.

C. Motion for Judgment as a Matter of Law

Plaintiff moves for judgment as a matter of law arguing that defendants failed to timely respond to plaintiff's motion for summary judgment. On January 13, 2017, the court granted defendants an extension of time, until February 23, 2017, to respond to plaintiff's motion for summary judgment. Defendants then timely filed their response to plaintiff's motion for summary judgment on February 22, 2017. Based upon the foregoing, plaintiff's motion for judgment on the pleadings is DENIED.

D. Motions for an Extension of Time

Plaintiff requests an extension of time to respond to defendants' motion for summary judgment. For good cause shown, plaintiff's motions are GRANTED. Plaintiff must file his response to defendants' motion for summary judgment by **May 17, 2017.**

E.    Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel to assist with litigating this action. This is plaintiff's third motion to appoint counsel. As stated in the court's prior orders denying plaintiff's requests for counsel, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

F.    Motion for Relief From Judgment

Plaintiff seeks "relief from judgment" because he has not received a copy of defendants' motion for summary judgment. Plaintiff raised this issue in several of his filings. (See ((DE 83-87, 91, 94)). Plaintiff, additionally, has argued that he has not received "specific requested discovery material . . . [s]pecifically, the complete internal investigation by Robey Lee, PSO Investigator on May 14, 2014." ((DE 83), p. 2). In response, defendants state that plaintiff was provided a copy of defendants' summary judgment materials and the investigation report at issue on March 16, 2017.

4

((DE 95), Exs. 2-4). Plaintiff later acknowledged that he received the documents. ((DE 97), pp. 1-2). Thus, plaintiff's motion for relief from judgment is DENIED.

For the foregoing reasons, the court orders as follows:

(1) Plaintiff's motion to amend his complaint (DE 82) is DENIED;

(2) Plaintiff's motion for leave to supplement his motion for summary judgment (DE 83) is GRANTED;

(3) Plaintiff's motion for judgment as a matter of law (DE 90) is DENIED;

(4) Plaintiff's motions for an extension of time (DE 91, 97) are GRANTED. Plaintiff must file his response to defendants' motion for summary judgment by **May 17, 2017**;

(5) Plaintiff's motion to appoint counsel (DE 93) is DENIED;

(6) Plaintiff's motion for relief from judgment (DE 96) is DENIED;

(7) The court will rule on the pending dispositive motions (DE 74, 84) after the briefing is complete;

(8) Plaintiff is cautioned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice.

SO ORDERED, this the 21st day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge