IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3252-FL

| | |
|---|---|
| MARION L. SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COLBERT L. RESPASS, SEAN ) | ORDER |
| DILLARD, CAPT. OLIVER, and ) | |
| MARCEL SLEDGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On September 25, 2014, plaintiff, a state inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2017, the court granted summary judgment for defendants (DE 109). On September 29, 2017, plaintiff filed a motion for reconsideration (DE 111) and an appeal (DE 112). This matter is before the court on plaintiff's motion for reconsideration (DE 111). For the forgoing reasons, plaintiff's motion is DENIED.

Ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Haefner v. Cnty. of Lancaster, No. 97-1568, 1997 WL 355533, at *1 (4th Cir. June 27, 1997) (per curiam) (applying Lewis to a Rule 60(b) motion for reconsideration). However, a notice of appeal filed after judgment is entered but before the court rules on a motion for reconsideration "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App.

P. 4(a)(4)(B)(i); see Wheeler v. Accrediting Council for Cont'g Educ. & Training, No. 94-2111, 1995 WL 674597, at *1 (4th Cir. Nov. 14, 1995) (per curiam). Thus, the court considers plaintiff's requests for reconsideration.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted). Plaintiff does not cite to any changes in controlling law, newly discovered evidence, or a clear error that merits alteration or amendment to his judgment.

Alternatively, to the extent plaintiff seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[,] . . . fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808,

811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Plaintiff fails to establish a meritorious claim or defense. Accordingly, plaintiff fails to meet the threshold requirements of Rule 60(b).

Based upon the foregoing, plaintiff's motion for reconsideration (DE 111) is DENIED.

SO ORDERED, this the 2nd day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge